[Cite as *State v. Nichols*, 2016-Ohio-7554.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2016-T-0053** |
| - vs - | : | |
| FELISHA O. NICHOLS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2015 CR 00491.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1}   Appellant, Felisha O. Nichols, was charged in the Warren Municipal Court with one count of Receiving Stolen Property, a fifth-degree felony, on June 25, 2015. After the matter was bound over to the Trumbull County Court of Common Pleas, appellant was indicted by the Trumbull County Grand Jury on July 21, 2015, on two counts: (1) Grand Theft, a fourth-degree felony, in violation of R.C. 2913.02(A)(3); and (2) Passing Bad Checks, a fourth-degree felony, in violation of R.C. 2913.11(B).

Following appellant's guilty plea to Count One, the trial court sentenced appellant to six months in prison on May 10, 2016.

{¶2} Appellant timely appeals the May 10, 2016 sentencing entry, raising one assignment of error:

{¶3} "The trial court erred and abused its discretion by denying the appellant's motion for a reasonable continuance of appellant's sentencing hearing."

{¶4} Appellant asserts the trial court abused its discretion in denying her oral motion to continue the sentencing hearing until such time that appellant could undergo an interview for purposes of a presentence investigation ("PSI") report.

{¶5} "The decision to grant or deny a continuance is within the sound discretion of the trial court. An appellate court will not reverse a trial court's denial of a continuance absent a finding that the trial court abused its discretion." *State v. Green*, 11th Dist. Lake No. 2011-L-037, 2012-Ohio-2355, ¶71 (citation omitted).

> In evaluating a motion for a continuance, a court should note, *inter alia*: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*State v. Unger*, 67 Ohio St.2d 65, 67-68 (1981) (citation omitted).

{¶6} On March 14, 2016, appellant entered into a plea agreement with appellee, the state of Ohio. In exchange for appellant pleading guilty to Count One, Grand Theft, the state entered a nolle prosequi on Count Two, Passing Bad Checks. This plea agreement advised appellant that her potential prison term ranged from six to

2

eighteen months. The trial court accepted the plea agreement and ordered a PSI be conducted prior to sentencing.

{¶7} An appointment for the PSI was scheduled for March 21, 2016, at 9:00 a.m.; appellant did not appear and called that same day to reschedule. The PSI appointment was rescheduled for March 25, 2016, at 9:00 a.m.; appellant again did not appear and called that same day to reschedule. The interview was once again rescheduled for April 1, 2016, at 1:00 p.m.; appellant did not appear. The probation officer submitted to the trial court the portion of the PSI that could be completed without appellant's direct participation.

{¶8} On May 9, 2016, the sentencing hearing was held. At the hearing, defense counsel requested a continuance due to the fact that appellant had not yet undergone her PSI interview. Counsel stated appellant had communicated to him via email that she was having difficulty arranging transportation, from Campbell to Warren, for the scheduled appointments. Counsel suggested that appellant could go to the Probation Department that day and again schedule a date for the PSI interview.

{¶9} The trial court stressed that appellant had already missed three appointments without a medical issue or any other type of documentation. The court read into the record, from the partial PSI report, that the probation officer had "stressed the importance of this interview" to appellant, who replied that "her life situation was more important than the presentence investigation interview." The court further stated that many people in her situation use public transportation, pay for a ride, or ask a friend for help; appellant had utilized none of these options.

3

{¶10} The trial court denied appellant's oral motion to delay the imposition of sentence.

{¶11} The court then outlined the available portion of appellant's criminal record: a 1999 theft conviction, for which she received two years probation; a theft conviction in the state of Georgia, for which she received twelve months probation; a 2014 misuse of credit cards conviction, for which she also received probation.

{¶12} Attempting to establish to the court that appellant was amenable to probation, defense counsel elicited from appellant that she was currently attending culinary school, which assists students with job placement upon completion of the program. Appellant assured the court that she would show up for probation appointments.

{¶13} The state presented the victim of appellant's current conviction, Dr. Diana Karnavas-Ashdown, who gave a statement on behalf of Advanced Foot & Ankle Center, Inc. Appellant was apparently employed by the victim at the time appellant stole a company check and issued it to her son in the amount of $10,183.00. Dr. Karnavas-Ashdown further stated she was interested in seeing appellant incarcerated, as there did not appear to be any way appellant could pay the money back.

{¶14} The trial court stated it was imposing a prison term due to appellant's prior record, the amount of money stolen from the victim in this case, and her failure to appear for the scheduled PSI interviews. The court told appellant: "Three different times appointments were made for you that you did not go to which, to me, is the first sign of somebody not interested in the probation process." The court then sentenced appellant to six months in prison, the minimum sentence available for her conviction of

4

Grand Theft. She was also ordered to pay courts costs and restitution in the amount of $10,183.00.

{¶15} These facts demonstrate that a continuance of the sentencing hearing was not warranted. Although appellant had never requested or received any previous sentencing continuances, the sole reason she now requested a continuance was to undergo a PSI interview, which she had, with apparent indifference, already rescheduled three times. Additionally, appellant did not request a continuance for a specific length of time but, instead, until such time as she could undergo her PSI interview.

{¶16} By the time she appeared for the sentencing hearing, appellant had already inconvenienced the judicial system. Further inconvenience would have been inflicted upon the schedules of the trial court, the prosecutor, and the victim who appeared in court that day. The requested delay was based on dilatory, not legitimate, reasons; and appellant was clearly the cause of the circumstance which gave rise to the request. The totality of the circumstances indicates the trial court's denial of the oral request was not an abuse of discretion.

{¶17} Appellant's sole assignment of error is without merit.

{¶18} The judgment of the Trumbull County Court of Common Pleas, imposing a six-month sentence on appellant after denying her oral motion to continue, is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL, J.,

concur.

5